## GILMAN v. BERRY.

Where, upon a contract of sale, the consideration was money paid and a negotiable note transferred with warranty, and the vendee has failed to make good his warranty, the vendor may rescind the contract by returning the note without a tender of the money.

In such case it is immaterial whether the warrantor was ignorant of the fact of the invalidity of the note, or fraudulently concealed his knowledge of that fact.

If a promissory note, void because made and dated on Sunday, came into the hands of an innocent third party for value, the doctrine of *caveat emptor* will not apply if such party uses ordinary care to inform himself. in regard to its validity.

ASSUMPSIT, to recover $567.56 for goods sold and delivered, and lands sold and conveyed. Plea, the general issue, with a brief statement that the plaintiff accepted, in part payment of the property sold, a certain note for $532, signed by O. S. Berry, payable to the defendant, and endorsed by the defendant. The evidence tended to show that in the fall and winter of 1875 the defendant bargained with the plaintiff for her farm and stock for $3,000, paying her $2,400 in cash, and delivering to her his own note for $32.44, afterwards paid, and the note mentioned above; that before the plaintiff accepted said last named note, the defendant said he would "warrant it to be good," that it was "as good as gold;" that the plaintiff at first declined to take the note, but was finally induced to take it by the above and other representations; that the plaintiff had sued said O. S. Berry on the note, and judgment had been rendered against her on the ground that it was made and dated on Sunday, in the presence of a third person, and was given by said O. S. Berry to the defendant for certain stock and farming tools sold on the same day; that the defendant knew that said note was made and dated on Sunday, at the time he gave it to the plaintiff; that before the commencement of this action the plaintiff

tendered to the defendant the note, and demanded of him the sum of $567.56 and interest, which the defendant refused. The defendant moved for a nonsuit, on the ground that the plaintiff was not entitled to rescind the contract as to the note without offering to return the money paid her by the defendant; which motion was denied, and the defendant excepted.

The defendant's counsel proposed to ask him (1) whether he knew it made any difference about the validity of the note, that it was made on the Sabbath; (2) whether he knew of any reason why it was not a valid note at the time he sold it to the plaintiff; and (3) when he first learned it made any difference with this note that it was made on Sunday. This evidence was excluded, and the defendant excepted.

The defendant requested the following instructions: "that a contract cannot be rescinded in part only; that the plaintiff's testimony shows that the sale of land and personal property was an entire contract, and cannot be in part rescinded; that as the note bore its true date, there was no concealment of the fact that it was made Sunday."

The court instructed the jury that if they should find that the taking of the money and note was one entire transaction, so that the defendant would not have agreed to the purchase of the plaintiff's property unless she had taken the note as part of the purchase-money, she could not rescind without tendering back the money paid, as well as the note. But if the taking of the note was an independent transaction in itself, that is, if the defendant was not induced to agree to the purchase of the plaintiff's property because the plaintiff agreed to take the note instead of so much money, then the plaintiff was not bound to offer to return more than the note. Also, that although the note bore its true date upon its face, and an examination of the calendar would have shown that the day of the date of the note fell on Sunday, still it was for the jury to say, upon all the evidence, whether the defendant fraudulently concealed the fact that it was made on Sunday; that it was for them to find whether she could have been reasonably expected, under the circumstances in which she was placed, to have entertained any suspicion that a note was made on Sunday, or whether there was anything that should have required her to examine the calendar, or to make further inquiries in regard to the validity of the note; and that if she did all that was reasonably required of her to inform herself in regard to the validity of the note, she was entitled to rescind the contract.

To the refusal to instruct, and the instructions given, the defendant excepted. Verdict for plaintiff.

*Copeland* and *Weed*, for the defendant.

*Quarles* and *Smith*, for the plaintiff.

FOSTER, J.   The reception of the money and the note by the plaintiff was not an entire and inseparable transaction.   The negotiations concerning the note constituted an independent agreement. It does not appear that the defendant was induced to purchase the plaintiff's property by her agreement to receive the note in part payment, instead of such an amount of money as the note represented.   Where the agreements of parties relate to the whole of the consideration on both sides, the promises are dependent, and one of them is a condition precedent to the other; but if the agreements refer to a part only of the consideration on both sides, and a breach may be paid for in damages, the promises may be regarded as independent.   2 Pars. Con. 676 ; Benj. Sales (2 Am. ed.), s. 426 ; *Luey* v. *Bundy*, 9 N. H. 298, 303.

The sale and transfer of this note being an independent contract, or an essential part of an entire contract which the defendant has failed to perform, or concerning which he has defrauded the plaintiff, the ordinary principles relating to rescission apply, and we find no error in the instructions of the court upon this point.

The note in question having been made and delivered on Sunday, in payment for goods sold on that day, in the presence and to the disturbance of a third person, was a void and worthless note.   *Allen* v. *Deming*, 14 N. H. 133 ; *Varney* v. *French*, 19 N. H. 233 ; *Smith* v. *Foster*, 41 N. H. 215 ; Gen. St., c. 255, s. 3.

Whether the defendant knew " that it made any difference about the validity of the note " was immaterial ; his knowledge or belief could not alter the fact ; and the questions proposed to him upon this subject were properly excluded.   So, also, whether the defendant fraudulently concealed the fact that the note was made on Sunday was immaterial, because, the note being worthless, the defendant warranted it to be "as good as gold;" and the proposition is elementary, that when the consideration appears to be valuable and sufficient, but turns out to be wholly false, or a mere nullity, a party paying money or delivering property on the faith of a good consideration may recover the money paid or the value of the property of which he has been thus deprived.   1 Pars. Con. 462.

The defendant's warranty, however, would not extend to a defect in the instrument apparent on simple inspection, requiring no skill to discover it ; and it is contended, that although the defendant knew the fact that this note was made on Sunday, and was consequently void, and so was guilty of fraudulent concealment of his knowledge of the defect, still, the defect being patent upon mere inspection of the note and reference to the calendar, the doctrine of *caveat emptor* applies.   But was it a defect so apparent upon inspection as to suggest a reference to the calendar ?   Would a person naturally suspect that a note may be dated on Sunday, contrary to the presumption that all things are rightly done, especially when inquiry is diverted by the warranty that the paper is " as good as gold "?   Probably not.   But the whole matter presented a ques-

tion for the jury, under appropriate instructions; and the charge in this respect was sufficiently favorable to the defendant.

*Judgment on the verdict.*

SMITH, J., did not sit: the others concurred.